**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30109 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00110-RFC-1 |
| v. | |
| JUVENILE A, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted December 8, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Defendant/Appellant L.G.H. appeals his adjudication as a juvenile

delinquent and sentence for aggravated sexual assault. We affirm.

**1.** The violations of the Federal Juvenile Delinquency Act ("FJDA"), 18 U.S.C.

§ 5033, in this case do not give rise to a due process violation, so dismissal was not

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

required.  L.G.H.'s parents were not immediately notified of his custody and *Miranda* rights, but the Government's failure to advise applied only to L.G.H.'s interrogation, not a hearing on his freedom.  *See United States v. RRA-A*, 229 F.3d 737, 746 (9th Cir. 2000); *United States v. Doe* (*Doe V*), 219 F.3d 1009, 1016 (9th Cir. 2000).  Although L.G.H. was not immediately informed of his *Miranda* rights after arrest, he was so informed before interrogation.  *Id.*

**2.** Moreover, the district court did not abuse its discretion by ordering suppression instead of dismissal of the information as a remedy for the statutory violations.  Once the district court suppressed the confession and physical evidence at trial, the FJDA violations were harmless "beyond a reasonable doubt."  *United States v. Doe* (*Doe II*), 862 F.2d 776, 779 (9th Cir. 1988).  The unlawfully obtained evidence almost certainly did not serve as the basis for the initiation of the criminal proceeding.  *See United States v. D.L.*, 453 F.3d 1115, 1126 (9th Cir. 2006).  At the time of the federal charging decision, the Government had available S.G.'s initial statement identifying L.G.H. as the perpetrator and later statements to Agent Weyand about the attack.  The presence of this evidence, sufficient to support conviction after trial, makes comparison to *United States v. D.L.*, 453 F.3d 1115, and *United States v. C.M.*, 485 F.3d 492 (9th Cir. 2007), inapposite.  Moreover, the original charging decision under Crow tribal law was based only on S.G.'s

2

identification of L.G.H. as her assaulter, which bolsters the likelihood that L.G.H.'s confession was not the basis for filing the subsequent federal information.

3.     The district court did not abuse its discretion by refusing to permit cross-examination of Dr. Byron.  Evidence otherwise inadmissible under Federal Rule of Evidence 412 may become admissible at trial where a party "opens the door" to the introduction of such evidence.  *S.M. v. J.K.*, 262 F.3d 914, 919 (9th Cir. 2001).  However, the government did not do so here.  It asked only about S.G.'s fear of retribution after the attack and about anxiety that left S.G. unable to sleep at night.  It did not put S.G.'s sexual history at issue.

4.     Finally, we affirm L.G.H.'s sentence.  A "district court [must] weigh[] all of the relevant factors and f[i]nd that the disposition imposed was the least restrictive means to accomplish a young person's rehabilitation, given the needs of the child and the community."  *United States v. Juvenile*, 347 F.3d 778, 787 (9th Cir. 2003).  The district court weighed the severity of the crime and its impact on S.G., L.G.H.'s improvement after the assault and compliance with conditions of release, L.G.H.'s possible perpetration of a sexual assault against another intoxicated young girl, and whether L.G.H.'s family support system would promote rehabilitation.  The court specifically stated that anything less than detention would not provide the necessary rehabilitation to "lessen[] the danger [L.G.H.]

3

present[ed] to the community." Finally, the court considered in detail the services that the detention facility would provide L.G.H. and concluded that the facility offered the "best treatment and rehabilitative tools" in the area, while permitting L.G.H. to remain close to his family. The district court's determination was reasonable and well within its discretion.

**AFFIRMED.**